UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ONIS-CARBINE GARCIA,<br><br>      Plaintiff,<br><br>      v.<br><br>NANCY BASKIN, in her official/personal capacity; JAN BENNETTS, in her official/personal capacity; and MICHAEL GUY, in his official/personal capacity,<br><br>      Defendants. | Case No. 1:23-cv-00482-AKB<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending before the Court are Defendants' Motions to Dismiss Plaintiff's Amended Complaint (Dkts. 11, 15). The Court finds oral argument would not significantly aid its decision-making process and decides the motions on the parties' submissions. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons discussed, the Court grants Defendants' Motions to Dismiss and dismisses this case with prejudice.

## I. BACKGROUND

In October 2023, Plaintiff Onis-Carbine Garcia, proceeding pro se, filed a complaint against an Ada County District Court Judge, the Honorable Nancy Baskin; the Ada County Prosecutor, Jan Bennetts; and two Deputy Ada County Prosecutors, Jill Longhurst and Michael Hawkins. (Dkt. 1). Subsequently, in February 2024, Garcia filed a first amended complaint (hereafter "complaint"). (Dkt. 7). This complaint drops Longhurst and Hawkins as defendants and

adds a different Deputy Ada County Prosecutor, Michael Guy, as a defendant. As a basis for jurisdiction, the complaint cites 42 U.S.C. §§ 1983, 1985, and 1986 and several federal criminal statutes under Title 18 of the United States Code. (Dkt. 7 at p. 3).

Garcia's allegations are almost entirely incomprehensible. Garcia does, however, reference "Case # CR01-20-2179420." (*Id.* at 14). She appears to seek to enjoin that criminal case, to move to dismiss "all charges," to allege a "deprivation of unalienable rights," and to seek monetary damages by asking the Court to "make [her] whole." (Dkt. 7 at p. 5).

On February 20, 2024, Defendants Bennetts and Guy moved to dismiss Garcia's complaint under Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. 11). In their motion, they explain that Ada County charged Garcia with "felony counts of burglary and obtaining a controlled substance by misrepresentation, forgery, fraud, or deception" and that a trial in the matter was scheduled for February 26. They argued the Court should abstain from exercising jurisdiction under the *Younger* doctrine or, alternatively, should dismiss Garcia's complaint for failure to state a claim.

Subsequently, on March 6, the Attorney General for the State of Idaho appeared on Judge Baskin's behalf and moved to dismiss Garcia's complaint under Rule 12(b)(6). (Dkt. 15-1). In support, the State argues that Garcia's monetary claims are barred by the doctrine of judicial immunity and that Garcia's request for injunctive relief is moot because the jury trial has already occurred; the jury convicted Garcia; and Garcia's sentencing is set for May 15, 2024. Additionally,

MEMORANDUM DECISION AND ORDER - 2

the State argues Garcia's request for injunctive relief is barred by the Eleventh Amendment.[1] Finally, the State requests this Court take judicial notice under Rule 201 of the Federal Rules of Evidence of the Case Summary for Ada County District Court, Criminal Case No. CR01-20-21794, to which Garcia refers in her complaint.  Garcia has failed to respond to both motions.

## II.  LEGAL STANDARD

### A.    Rule 12(b)(1) - Lack of Jurisdiction

A motion to dismiss under Rule 12(b)(1) challenges the Court's subject-matter jurisdiction. A lack of jurisdiction is presumed unless the party asserting jurisdiction establishes it exists. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Thus, the plaintiff bears the burden of proof on a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995). Rule 12(b)(1) is the proper vehicle for invoking immunity, including sovereign immunity. *Pistor v. Garcia*, 791 F.3d 1104, 1111 (9th Cir. 2015). If the court determines it does not have subject-matter jurisdiction, it must dismiss the claim. Fed. R. Civ. P. 12(h)(3).

### B.    Rule 12(b)(6) - Failure to State a Claim

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim on which the court can grant relief. A court's inquiry under Rule 12(b)(6) "is limited to the

---

[1]    The State also argues that Garcia failed to serve her complaint on Judge Baskin in compliance with Rule 4 of the Federal Rules of Civil Procedure.  Because the Court dismisses Garcia's complaint on other grounds, it does not address this argument in detail, although the record does show Garcia signed the proof of service herself, indicating she personally attempted to serve Judge Baskin in violation of Rule 4(c)(2), which requires someone other than a party to the action must serve the summons and complaint.

allegations in the complaint, which are accepted as true and construed in the light most favorable to the plaintiff." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). To state a claim, a plaintiff's complaint must include facts sufficient to show a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).

A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although Rule 8 does not require detailed factual allegations, it demands more than an unadorned accusation that the defendant harmed the plaintiff. *Id.*

Courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, a plaintiff should be notified and provided an opportunity to amend. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003). A district court, however, has discretion to deny leave to amend when an amendment would be futile. *Chappel v. Lab'y Corp. of Am.*, 232 F.3d 719, 725-26 (9th Cir. 2000). "If the district court determines that the 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' then the dismissal without leave to amend is proper." *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988) (internal quotation marks and citation omitted), *amended*, 856 F.2d 111 (9th Cir. 1988).

MEMORANDUM DECISION AND ORDER - 4

C.      **Rule 201 - Judicial Notice**

Rule 201 governs the judicial notice of adjudicative facts. Fed. R. Evid. R. 201(a). It provides that "the court may judicially notice a fact that is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. R. 201(b)(1), (2). Further, it provides that "the court . . . must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. R. 201(c)(2). Under Rule 201, a court may take judicial notice of court filings and other matters of public record. *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

### III.  ANALYSIS

The Court takes judicial notice of the Case Summary for Ada County Case No. CR01-20-21794. (Dkt. 15-5). Although Garcia's allegations are largely nonsensical, the Court, like the parties, assumes Garcia's complaint in this case relates to the criminal proceeding pending in the Ada County District Court before Judge Baskin and summarized in the Case Summary. Many of Garcia's allegations appear to challenge the authority of the government entities involved in the state criminal proceeding against her. For example, she alleges:

> "STATE OF IDAHO" is a corporate fiction and is not an adversary's [litigant] IT can't act, IT can't make and move a claim, IT has no rights, IT can't be done wrong or harm, IT can't have personal knowledge of a matter, IT can't testify, and IT can't have standing against I, a woman Onis-Carbine Garcia.

(Dkt. 7 at p. 13). Similarly, Garcia alleges:

> "IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT OF THE STATE OF IDAHO": is a corporate fiction, an IT, created by other men and women [public servants] I, a woman, have no obligation [contract] with IT or the men and

MEMORANDUM DECISION AND ORDER - 5

women who created it and manage IT, nor is IT a court of record and therefore
cannot be a Court of Idaho.

(*Id.*). Finally, Garcia alleges "'COUNTY OF ADA': is a corporate fiction, an IT. I, a woman, am

not owned by IT, am not a citizen of IT, have no obligations [contracts] with IT, and do not reside

in IT." (*Id.*)

These and other allegations sound in "sovereign citizen theories" which many courts have

"routinely and summarily rejected." *Richmond v. Cockrum*, Case No. 20-cv-00389-RMI, 2020 WL

2494566, at *3 (N.D. Cal. May 4, 2020) (listing cases). Garcia's allegations specific to Defendants'

conduct, likewise, appear to relate to her challenge to the government's authority to prosecute her

and to Defendants' performance of their official duties for purposes of that prosecution. For

example, Garcia alleges Judge Baskin is "[a]dministering [Garcia's] property without rights";

Bennetts is "filing and or moving this action in the name of a corporate fiction" and "has not

affected any Service of Process" on Garcia; and Guy "has no jurisdiction, no standing, and no

personal knowledge of any matter concerning [Garcia]." (Dkt. 7 at pp. 6-7). Finally, Garcia alleges

"moving this case forward contrary to the law and justice . . . creates a cause of action for a Title 42

§ 1983 case." (Dkt. 7 at p. 16).

Contrary to this allegation, however, Garcia does not state a claim for relief under § 1983.

To state a claim under § 1983, a plaintiff must allege two elements: (1) that a right secured by the

Constitution or laws of the United States was violated, and (2) that the alleged violation was

committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Garcia's allegations, however, do not identify any federally protected right allegedly violated.

Regardless, Garcia's complaint is barred by numerous judicial doctrines. Because Garcia fails to

identify any protectable right and because Defendants have immunity, the Court grants Defendants' motions to dismiss.

A.      **The *Younger* Doctrine**

The Court must refrain from exercising jurisdiction over the State's ongoing criminal case against Garcia. The *Younger* Doctrine provides a federal court must refrain from enjoining a state criminal prosecution. *Younger v. Harris*, 401 U.S. 37, 45 (1971) "[T]he normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not issue such injunctions." *Id.* "When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Comm., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).

*Younger* and its progeny "espouse a strong federal policy against federal-court interference with pending state judicial proceedings, absent extraordinary circumstances." *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431 (1982). "That policy rests on notions of comity and respect for state functions and was born of the concern that federal court injunctions might unduly hamper state criminal prosecutions." *Champion Int'l Corp. v. Brown,* 731 F.2d 1406, 1408 (9th Cir. 1984). The doctrine requires a federal court to decline to exercise jurisdiction over the underlying claims for reasons of comity and to dismiss a case on jurisdictional grounds before examining the merits. *Washington v. Los Angeles Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1058 (9th Cir. 2016). Abstention is required regardless of whether the plaintiff seeks injunctive relief, declaratory relief, or monetary damages. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986) (abstaining from action seeking declaratory judgment and money damages under 42 U.S.C. § 1983).

Absent extraordinary circumstances, the *Younger* doctrine requires a federal court to abstain from exercising jurisdiction over an action if three factors are met: (1) an ongoing state judicial proceeding exists; (2) the proceeding implicates an important state interest; and (3) the plaintiff has an adequate opportunity in the state proceeding to raise the constitutional challenge. *Middlesex*, 457 U.S. at 432. "Extraordinary circumstances" exist if irreparable injury is both great and immediate; the state law is "flagrantly and patently violative of express constitutional prohibitions"; or "bad faith, harassment, or any other unusual circumstances . . . would call for equitable relief." *Younger*, 401 U.S. at 46, 53-54.

Here, the Court finds all three *Younger* abstention factors are present. First, Garcia's criminal case is ongoing and will remain ongoing during the pendency of any appeal. *See Huffman v. Pursue, Ltd.*, 420 US 592, 608 (1975) ("[A] necessary concomitant of *Younger* is that a party in appellee's posture must exhaust his state appellate remedies before seeking relief in the District Court, unless he can bring himself within one of the exceptions specified in *Younger*."); *see also Edelbacher v. Calderon*, 160 F.3d 582, 587 (9th Cir. 1998) (holding *Younger* abstention applied after conviction but while resentencing proceedings were pending); *cf. Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (prohibiting federal action on claim for damages implying invalidity of conviction or sentence not reversed). Second, important state interests are at stake where criminal proceedings are involved, as discussed in *Younger*, 401 U.S. at 43-44. Third, although Garcia's complaint does not identify any federal constitutional challenge, she has an adequate opportunity to raise those challenges in state court, including on appeal. Meanwhile, Garcia does not allege any facts suggesting an extraordinary circumstance warrants federal intervention in her

state criminal case. Because the *Younger* abstention factors are met, the Court must abstain from exercising jurisdiction over Garcia's state criminal proceeding.

## B.   Eleventh Amendment and Judicial Immunity

Additionally, the Court lacks jurisdiction over Judge Baskin who has both judicial immunity and sovereign immunity under the Eleventh Amendment. Under the Eleventh Amendment, "a federal court generally may not hear a suit brought by a person against a nonconsenting State." *Allen v. Cooper*, 589 U.S. 248, 254 (2020). The United States Supreme Court has judicially extended the Eleventh Amendment "to bar federal courts from deciding virtually any case in which a state or the 'arm of a state' is a defendant." *Durning v. Citibank, N.A.*, 950 F.2d 1419, 1422 (9th Cir. 1991). The Ninth Circuit has previously concluded a state court has sovereign immunity as an arm of the state. *See Greater L.A. Council on Defense, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987) (holding Superior Court of the State of California has immunity under Eleventh Amendment). Further, the Ninth Circuit has also held a judge for a state court is also an arm of the state and has Eleventh Amendment immunity. *Munoz v. Superior Court of L.A. Cnty.*, 91 F.4th 977, 980 (2024).

The Ada County District Court—the district in which Garcia's criminal case is pending and in which Judge Baskin is a judge—is in the State's Fourth Judicial District and is undoubtedly an arm of the state. For example, Article V, § 11 of the Idaho Constitutional creates Idaho's district courts and provides that the judges for these courts are to be elected in state elections. If a vacancy occurs before any election, the Governor of Idaho appoints a judge. Idaho Code § 59-904(a). The Idaho Constitution also establishes the district courts' jurisdiction. Idaho Constitution, Art. V, § 20; *see also* Idaho Code § 1-705 (establishing original and appellate jurisdiction). Further, the

Idaho Legislature establishes district judges' salaries. Idaho Code § 59-502(3). Because the Ada County District Court is an arm of the state and Judge Baskin is a judge for that court, Judge Baskin has Eleventh Amendment immunity from Garcia's action against her.

Likewise, Judge Baskin also has judicial immunity from a § 1983 claim. As the Ninth Circuit has noted, "[c]ourts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Witt*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). "A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature." *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) (citations omitted); *see also Reynaga Hernandez v. Skinner*, 969 F.3d 930, 937 n.1 (9th Cir. 2020) ("Judges are also entitled to absolute immunity from damages suits."). "Absolute judicial immunity insulates judges from charges of erroneous acts or irregular action." *Id.* (internal quotation marks and citation omitted).

Here, nothing in Garcia's complaint suggests Garcia is complaining Judge Baskin performed a non-judicial act beyond her official, judicial duties that violated a federally protected right. Rather, Garcia's assertion appears to be that Judge Baskin allegedly lacked authority to preside over Garcia's criminal case because the entities under which Judge Baskin performs judicial acts are "corporate fictions" that lack authority over Garcia. As noted above, these fictional sovereign allegations are without merit, and Judge Baskin is judicially immune from them.

### C.    Prosecutorial Immunity

Similarly, Bennetts and Guy have prosecutorial immunity from a § 1983 claim. "Prosecutorial immunity applies to § 1983 claims." *Garmon v. Cnty. of Los Angeles*, 828 F.3d 837, 842-43 (9th Cir. 2016). "State prosecutors are absolutely immune from § 1983 actions when performing functions intimately associated with the judicial phase of the criminal process, or, phrased differently, when performing the traditional functions of an advocate." *Id.* (citing *Kalina v. Fletcher*, 522 U.S. 118, 131 (1997)) (internal quotation marks omitted); *see also Ray v. Lara*, 31 F.4th 692, 699 (9th Cir. 2022) ("It has long been established that prosecutors enjoy absolute immunity from damages suits under § 1983 for activities that are intimately associated with the judicial phase of the criminal process.") (internal quotation marks omitted).

When determining whether prosecutorial immunity protects a given action, the courts take a "functional approach." *Patterson v. Van Arsdel*, 883 F.3d 826, 830 (9th Cir. 2018). "In applying this approach, [the court] distinguish[es] between acts of advocacy, which are entitled to absolute immunity, and administrative and 'police-type' investigative acts which are not. To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Id.* (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Van de Kamp v. Goldstein*, 555 U.S. 335, 342-43 (2009) (explaining prosecutorial immunity does not apply when prosecutor is not acting as officer of court but, for example, giving advice to police during a criminal investigation, making statements to press, or acting as  complaining witness in support of warrant application).

In this case, Garcia's allegations do not suggest she is complaining about Bennetts and Guy acting in an administrative or police-type capacity for which they would not be immune. To the

contrary, Garcia's allegations suggest she is complaining about their conduct while acting as officers of the court. For example, she challenges Bennetts for "filing and or moving [the] action in the name of a corporate fiction and Guy for having "no jurisdiction, no standing, and no personal knowledge of any matter concerning [Garcia]." (Dkt. 7 at pp. 14-15). There is no indication in Garcia's complaint that Bennetts and Guy did anything more than act as officers of the court to initiate a criminal case against Garcia and to appear in court for purposes of prosecuting that case. *See Van de Kamp*, 555 U.S. at 343 (noting acting as officer of court to initiate proceeding and present evidence in support are acts entitled to absolute immunity). Accordingly, Bennetts and Guy are entitled to prosecutorial immunity from Garcia's purported § 1983 claim.

## D.     Dismissal with Prejudice

The State specifically requests the Court dismiss Garcia's complaint with prejudice and without leave to amend. (Dkt. 15-1 at pp. 9-10). The Court is mindful of the Ninth Circuit case law providing that a pro se litigant is entitled to notice of a complaint's deficiencies and an opportunity to amend before the action is dismissed unless it is absolutely clear no amendment can cure the defective complaint. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam). If an amendment would be futile, however, denying leave to amend is proper. *Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010).

Here, Garcia's complaint challenges the State's criminal proceeding against her on the fallacious basis that the State, Ada County, and the Ada County District Court lacked authority to prosecute her and that Defendants likewise lack authority to perform their official duties related to that prosecution. Garcia only refers to § 1983 as a "jurisdiction" basis and only once refers generally to the "deprivation of unalienable rights"—without identifying any specific right, statute

or constitutional provision allegedly violated. (Dkt. 7 at pp. 3, 5). Garcia's allegations are entirely devoid of and do not even hint at any actionable conduct under § 1983. To the contrary, Garcia's allegations clearly show she intended to sue Defendants for actions for which they have immunity under multiple doctrines. Accordingly, any amendment would be futile, and the Court declines to grant Garcia leave to amend her complaint.

## IV.  ORDER

**IT IS ORDERED that:**

1.      The Motion to Dismiss of Defendants Jan Bennetts and Michael Guy (Dkt. 11) is **GRANTED**.

2.      Defendant Nancy Baskin's Motion to Dismiss (Dkt. 15) is **GRANTED**.

3.      Accordingly, this case is dismissed **WITH PREJUDICE**.

DATED: May 20, 2024

*Amanda K. Brailsford*
**Amanda K. Brailsford**
U.S. District Court Judge